IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE MOORE                                                                                    PETITIONER

VS.                                    CASE NO. 5:05CV00134 JLH/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                                             RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Willie Moore, an inmate in the custody of the Arkansas Department of Correction (ADC) as a result of his conviction following a 2001 jury trial in Mississippi County Circuit Court on the charges of rape and burglary.  Petitioner, deemed an habitual offender, was sentenced to 240 months imprisonment for rape and 60 months for burglary, with the sentences to run concurrently.  A direct appeal, in which he challenged the sufficiency of the evidence, was unsuccessful.  *Moore v. State*, CACR 01-864, January 30, 2002 (an opinion not designated for publication).  The Arkansas Court of Appeals held that Mr. Moore's trial attorney failed to make a specific motion for directed verdict.  As a result, the issue of the sufficiency of the evidence was not preserved for appellate court review.  See Respondent's Exhibit 3 to docket entry no. 5. Petitioner subsequently sought postconviction relief pursuant to A.R.Cr.P. 37, alleging eleven instances of ineffective assistance of counsel.  Following a hearing, the trial court denied relief on July 16, 2002, and the Arkansas Supreme Court affirmed the lower court's ruling.  *Moore v. State*, CR 02-983, April 15, 2004 (an opinion not designated for publication).  See Respondent's Exhibits 5 & 7 to docket entry no. 5.  It is significant that the petitioner alleged ineffective assistance of counsel in his Rule 37 petition but on appeal attempted to challenge the sufficiency of the evidence.

In the petition now before the Court, the following grounds for relief are advanced:

1. His convictions were not supported by sufficient evidence;

2. He received ineffective assistance of counsel; and

3. Judicial misconduct.

The respondent contends that these grounds are not properly before this Court due to the petitioner's failure to adequately raise the grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Mr. Moore was notified of his opportunity to explain why the grounds should be addressed by this Court, and he has submitted an explanatory pleading. See docket entry no. 7.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of

cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

Initially, we find that the three claims advanced by Mr. Moore were not adequately and fully raised in state court. In order to adequately raise his claims in state court, the petitioner was required to advance the claims thoroughly, which includes appealing the claims in state court. *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988). In both his direct appeal and his Rule 37 appeal, the petitioner failed to present the claims he now submits to this Court.

In his explanatory pleadings, Mr. Moore argues that he is actually innocent of the crime of rape and that he received ineffective assistance of counsel resulting in the default of his claims. See docket entries nos. 7 & 10. The claim of actual innocence, if proved, would obviate his need to show cause and prejudice for failing to adequately advance the claims in state court. The United States Supreme Court guides us in considering the claim of actual innocence:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Moore; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.

To support his claim of actual innocence, Mr. Moore points to DNA evidence which he claims exculpates him, and to the absence of fingerprints on a knife found at the crime scene. Prior to considering these arguments, we first cite the Arkansas Court of Appeals' summary of the trial evidence:

> The victim, L.M., testified that on the night of August 4, 2000, she fell asleep around 11 p.m. while watching television. Shortly thereafter, she woke up to find someone's hand over her mouth. The person threatened to kill L.M. and told her not to look at him. The person got out of L.M.'s bed and removed the fan from the window; when he returned to the bed, he raped her. When L.M. asked him to stop, the person hit her. Although she failed to look at her assailant during the rape, L.M. described him as a nude African American. During cross-examination, L.M.


> testified that "[t]he only thing I remember about him was his voice." L.M. also testified that her assailant failed to ejaculate.
>
> After her assailant fell asleep, L.M. ran naked from her home seeking help. She first ran to a neighbor's home, but the neighbor would not let her in. She then saw a black truck and ran toward it. L.M. testified that the driver of the truck was her friend, Greg Daniel. She further testified that Daniel drove her to Sandra Blankenship's home, and from there she went to the hospital for a rape kit. During her testimony, L.M. denied knowing Moore and stated that she had never seen him before. L.M. did admit that she had intercourse with her fiancé on the night of August 3rd.
>
> Sandra Blankenship testified that L.M. and Daniel arrived at her home around midnight. Blankenship also testified that when L.M. arrived, she had no clothes on. Blankenship further testified that L.M. told her that a man was in her house and that she had been raped. Blankenship said that upon hearing this, she called the police.
>
> Jeff Wicker of the Blytheville Police Department testified that when he arrived at L.M.'s home, he found the screen off the bedroom window and the window was either raised or broken. Wicker stated that upon entering the home, he found a nude African American male asleep on L.M.'s bed and that the male's clothes were on the floor between the window and bed. Wicker further testified that when he awakened the male, the male identified himself as David Moore, but a search of his pants uncovered identification that indicated that he was Willie Moore. Wicker testified that a butter knife was found on the bed; however, there was nothing to connect the knife to Moore because the knife was not dusted for finger prints.
>
> Mary Robinette, a forensic biologist, testified on Moore's behalf. Robinette testified that fluids from vaginal smears and swabs belonged to L.M. and an unidentified male. Robinette stated that Moore was not the male in question. Robinette did explain that in order for semen to be present, the male must ejaculate.
>
> Prior to taking the stand, Moore presented the testimony of several of his family members who identified L.M. as one of his girlfriends. Moore testified that he met L.M. while cutting grass in the projects. He further testified that, on the evening of August 4th, he was riding with his girlfriend and that when the police pulled up behind them, he jumped from the car because there were outstanding warrants for his arrest. Moore stated that he sought refuge at L.M.'s home and that while there, he had a glass of water and a glass of liquor. Moore testified that he asked if he could lay down and that in response L.M. asked him for ten dollars before allowing him to lay down. Moore further testified that L.M. took his money and left. Moore stated that he passed out and was later awakened by the police. Moore denied raping L.M. or breaking into her home. Moore said that L.M. wanted to be his girlfriend.

See Respondent's Exhibit No. 3 to docket entry no. 5.

In addition to reviewing the Arkansas Court of Appeals' opinion, we have reviewed the trial transcript and the transcript of Mr. Moore's Rule 37 hearing. The evidence Moore relies upon is not "new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324. To the contrary, this evidence was both available and presented at trial. The evidence is

not exculpatory. In summary, the petitioner falls far short of proving actual innocence. As a result, he is required to show cause and prejudice for his failure to adequately raise his claims in state court.

Mr. Moore's second argument against procedural default is that his trial attorney[1] and his attorney on direct appeal were negligent and their incompetence caused him to default his claims. However, "[a] claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief." *Leggins v. Lockhart*, 822 F.2d 764, 768 n.5 (8th Cir. l987). As previously noted, Mr. Moore failed to fully present his claims of ineffective assistance of counsel, since he raised none of these claims on appeal following the Rule 37 denial by the trial court.

In summary, Mr. Moore only partially raised these claims in state court. While the record strongly suggests the claims would have been denied on their merits, the state courts were never allowed the opportunity to consider the claims. Mr. Moore fails to show he is actually innocent of the charges, and he fails to demonstrate cause and prejudice for the procedural lapses in state court. As a result, the claims are procedurally defaulted, and we recommend that the petition for habeas corpus relief be dismissed and the relief requested be denied.

IT IS SO ORDERED this __22__ day of August, 2005.

*[signature: H Daniel Young]*
_____
United States Magistrate Judge

---

[1] At the Rule 37 hearing, Mr. Moore's trial attorney testified that he had represented petitioner on a previous rape charge and won an acquittal. Post-conviction transcript, page 98.